UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE CRAWFORD GROUP, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-00390-MTS |
| | ) | |
| STEPHEN BOYD SUMNER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Court finds that Defendant has failed to establish this Court's subject matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (noting "party seeking removal has the burden to establish federal subject matter jurisdiction"). Defendant removed this action from Missouri Circuit Court and asserts that this Court "has jurisdiction over this action pursuant to 28 U.S.C. § 1332."[1] Doc. [1] ¶ 9. Though he gives no subsection there, Defendant appears to be advancing diversity jurisdiction under § 1332(a)(1). In order for the Court to have diversity jurisdiction under § 1332(a)(1), besides the amount in controversy exceeding $75,000, Plaintiffs must be completely diverse from Defendant in such a way that neither Plaintiff is a citizen of the same state as Defendant. *Wilkerson v. Mo. Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003).

---

[1] Plaintiff does not allege the Court has federal question jurisdiction in this case. *See* 28 U.S.C. § 1331.

Defendant alleges that Plaintiffs are both "Missouri corporation[s]," and that they have their "principal place[s] of business in Missouri." Doc. [1] ¶ 10–11. While Defendant describes them as Missouri corporations, he did not provide factual allegations on their state of incorporation. *See, e.g.*, *Villareal v. B&C Contracting Specialist Inc.*, No. 4:19-cv-2851-RLW, 2020 WL 2088341, at *3 (E.D. Mo. Apr. 30, 2020) ("To establish complete diversity of citizenship, a complaint must include *factual allegations* of each party's state of citizenship, including allegations of any corporate party's *state of incorporation* and principal place of business." (emphasis added)); *McMahon v. Robert Bosch Tool Corp.*, No. 4:18-cv-505-CAS, 2018 WL 1744539, at *2 (E.D. Mo. Apr. 11, 2018) (noting a "conclusory assertion" was not a "factual allegation sufficient to establish . . . citizenship"); *see also Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (noting courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions").

Further, Defendant's Notice of Removal alleges where the parties are "resident[s]," not citizens. *See, e.g.*, Doc. [1] ¶¶ 10, 12. But, for jurisdictional purposes, federal courts long have distinguished being a citizen of a state from being a mere resident of one. *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (noting that the term "citizen" in 28 U.S.C. § 1332 "has long meant something different from 'resident'"); *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777–78 (8th Cir. 2014) (explaining that, because of "ambiguity" in the word *resident*, a court cannot determine that "diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state"); *see also, e.g.*, *Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389, 389 (1893) (reversing lower court's judgment for want of jurisdiction because, while plaintiff averred he was "a resident" of New York, "his citizenship [wa]s nowhere disclosed").

Besides the missing facts regarding the citizenship of all the parties, Defendant also was required to prove the parties were diverse "both when the plaintiff initiate[d] the action in state court and when the defendant file[d] the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece*, 760 F.3d at 777 (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced").  Defendant did not do so here.  While the filing of this action in Missouri Circuit Court was especially close in time to the filing of the Notice of Removal here, the Court cannot simply make assumptions regarding facts indispensable to the determination of its subject matter jurisdiction.

If Defendant can establish this Court's subject matter jurisdiction, Defendant must file an Amended Notice of Removal to fix the jurisdictional defects the Court has identified herein.  *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant shall file an Amended Notice of Removal no later than Monday, April 11, 2022.

Dated this 6th day of April, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE