**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| THE CRAWFORD GROUP, INC. and ENTERPRISE HOLDINGS, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| STEPHEN BOYD SUMNER, | ) ) |
| Defendant. | ) ) |

CASE NO. 4:22-cv-00390-MTS

**JOINT MOTION TO ENTER CONSENT**
**INJUNCTION AND FINAL JUDGMENT**

COME NOW Plaintiffs, The Crawford Group, Inc. ("Crawford Group") and Enterprise Holdings, Inc. ("EHI," collectively with Crawford Group and their wholly-owned and partially–owned subsidiaries and/or affiliated corporations, "Enterprise Holdings"), and Defendant, Stephen Boyd Sumner ("Sumner" or "Defendant") (collectively, with Crawford Group and EHI, the "Parties") and jointly move the Court, in accordance with the Parties' settlement agreement, to enter the proposed Consent Injunction and Final Judgment filed herewith as Exhibit A hereto. In support of their joint motion, the Parties state that they have reached a settlement and have agreed, as a part and condition of that settlement, to entry of the attached Consent Injunction and Final Judgment. In further support, the Parties state as follows:

1. As set forth in Plaintiffs' Verified Petition, Enterprise Holdings is in the business of (among other things) renting vehicles. Enterprise Holdings' operating subsidiaries, inter alia, rent cars under the Alamo Rent-A-Car, Enterprise Rent-A-Car, and National Car Rental brands. Enterprise Holdings includes a number of operating subsidiaries worldwide. This litigation arises out of Defendant's employment and/or employment-related activities with Envision Motors Management, LLC ("Envision Motors") and/or Envision Rent-A-Car, LLC ("Envision

Rent-A-Car") (collectively, "Envision") after Defendant's employment with Enterprise Holdings ended.

2.      Enterprise Holdings expends substantial time and effort in developing business relationships and goodwill with its vendors, strategic partners, clients and prospective clients. Enterprise Holdings' clients include many insurance partners, corporate clients as well as retail, leisure renters.  Enterprise Holdings' vendors, strategic partners, and customers are often nationwide and/or worldwide, and not limited to a single region.

3.      Enterprise Holdings has developed and compiled confidential, competitively-valuable and trade secret information to support its competitive position, including (but not limited to) confidential information regarding business strategies (*e.g.*, what markets to target, what customers are most likely to use rental services in those markets, where to locate facilities and market in those markets, etc.); fleet management analyses, metrics and methodologies; strategic plans regarding, for example, product offerings, marketing, how and when to target certain corporate clients; and contacts and contracts with key vendors and strategic partners.

4.      Defendant was employed by Enterprise Holdings for approximately twenty-five years, beginning in 1996.  During his employment, he held various high-level positions for Enterprise Holdings, including Regional Vice President-Rental in Phoenix, Arizona, Regional Vice President in Los Angeles, California, and most recently, Vice President/General Manager for Enterprise Rent-a-Car Canada Company.

5.      Sumner resigned effective August 31, 2021.  In connection with his resignation, he entered into a Noncompetition and Nonsolicitation Agreement and Release (the "Noncompetition Agreement"), which was filed as Exhibit A to the Verified Petition (ECF No. 4-2).

6. During Sumner's employment with Enterprise Holdings, he developed relationships and goodwill with Enterprise Holdings' clients, vendors and strategic partners and also was provided and had access to Enterprise Holdings' Confidential Information.

7. Paragraphs 4-7 of the Noncompetition Agreement contain certain post-employment noncompetition, confidentiality, and employee and customer-based restrictions, along with related acknowledgments regarding the reasonableness of the restrictions.  In paragraph 4(b) of the Noncompetition Agreement, for example, Sumner acknowledges that:

> Enterprise Holdings' businesses reach to the full extent of this geographic restriction and it would be impossible to craft a non-competition provision with a narrower geographical limitation that would adequately protect Enterprise Holdings' legitimate interests . . . .

8. Similarly, Sumner acknowledges in paragraph 7(a) of the Noncompetition Agreement that "the extent of his agreements not to compete with Enterprise Holdings is reasonable in terms of time, scope of activities, and geography, given his status and taking into consideration the substantial economic payments and benefits for him specified in this Agreement, to which Sumner is not otherwise entitled except for this Agreement."

9. Sumner agreed in paragraph 4(d) of the Noncompetition Agreement to "immediately inform and disclose to Enterprise any attempt by any person to involve Sumner, in any manner, in any activity that is competitive with any business of Enterprise Holdings."

10. Sumner agreed in paragraph 5 of the Noncompetition Agreement to "hold in strictest confidence and not disclose to any person, firm, corporation, partnership or other entity, without the express prior written authorization of Enterprise, any confidential or proprietary information relating to any of the businesses of Enterprise Holdings."  Paragraph 5 also describes the confidential and proprietary information encompassed by the Noncompetition Agreement and contains acknowledgments by Sumner regarding such information.

11. Sumner acknowledges in paragraph 7(b) of the Noncompetition Agreement that a breach of his obligations in Paragraphs 4, 5 and 6 thereof "will result in irreparable harm for which Enterprise Holdings cannot reasonably or adequately be compensated in damages in an action at law," and that "in addition to each and every other remedy provided by law or equity, Enterprise Holdings shall have the right to obtain injunctive relief (including, but not limited to, specific performance . . . and a . . . permanent or mandatory injunction) . . . against any breach of this Agreement by Sumner."

12. After leaving his employment with Enterprise Holdings, Sumner began employment with Envision Motors. While working with Envision Motors, Sumner provided guidance and assistance pertaining to Envision Rent-A-Car. That resulted in this lawsuit.

13. This action was originally filed in the St. Louis County Circuit Court. Defendant subsequently removed the case to the United States District Court for the Eastern District of Missouri. The Parties agree that (a) this Court has subject matter jurisdiction herein as well as personal jurisdiction over Sumner, and (b) venue is appropriate in this Court.

14. A temporary restraining order is in effect. By consent, the temporary restraining order is to remain in effect until the Court's ruling following a preliminary injunction hearing. That hearing is currently set for August 4, 2022.

15. The Parties have reached a settlement agreement resolving their differences. As a condition of the settlement, the Parties have agreed to the entry of the Consent Injunction and Final Judgment, attached hereto as Exhibit A.

WHEREFORE, the Parties jointly request that the Court enter the Consent Injunction and Final Judgment.

Dated:  June 22, 2022                          Respectfully submitted,

| | |
|---|---|
| By: */s/Melody L. Rayl* | By: */s/ Mark S. Deiermann* |
|     Melody L. Rayl, MO Bar No. 60362 |     Mark S. Deiermann, #31521 MO |
|     Laura Bailey Brown, MO Bar No. 62732 |     Jason S. Meyer, #64030 MO |
|     FISHER & PHILLIPS, LLP |     BRYAN CAVE LEIGHTON PAISNER LLP |
|     4900 Main Street, Suite 650 |     211 North Broadway, Suite 3600 |
|     Kansas City, Missouri 64105 |     St. Louis, MO 63102 |
|     Telephone: (816) 842-8770 |     Telephone: (314) 259-2000 |
|     Facsimile: (816)842-8767 |     Facsimile: (314) 259-2020 |
|     Email:  mrayl@fisherphillips.com |     msdeiermann@bclplaw.com |
|     Email:  lkbrown@fisherphillips.com |     jason.meyer@bclplaw.com |
| |     ellen.whitehorn@bclplaw.com |
| **Attorneys for Defendant** | |
| **Stephen Boyd Sumner** |     Robert D. Blitz, #24387 MO |
| |     Thomas H. Limbrick, #69196 MO |
| |     BLITZ, BARDGETT & DEUTSCH, L.C. |
| |     120 S. Central Avenue, Ste. 1500 |
| |     St. Louis, Missouri 63105 |
| |     (314) 863-1500 |
| |     (314) 863-1877 (facsimile) |
| |     rblitz@bbdlc.com |
| |     tlimbrick@bbdlc.com |
| | |
| |     **ATTORNEYS FOR PLAINTIFFS** |
| |     **The Crawford Group, Inc.** |
| |     **and Enterprise Holdings, Inc.** |