**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| THE CRAWFORD GROUP, INC. and ENTERPRISE HOLDINGS, INC., ) ) ) | |
| Plaintiffs, ) ) ) | 4:22-cv-00390-MTS |
| v. ) ) | |
| STEPHEN BOYD SUMNER, ) ) | |
| Defendant. ) | |

## CONSENT INJUNCTION AND FINAL JUDGMENT

This matter is before the Court upon the Joint Motion of plaintiffs, The Crawford Group, Inc. ("Crawford Group") and Enterprise Holdings, Inc. ("EHI") (collectively, "Plaintiffs"), and defendant, Stephen Boyd Sumner ("Sumner" or "Defendant"), to Enter Consent Injunction and Final Judgment (the "Final Judgment"). The parties' Joint Motion is hereby **GRANTED**.

As reflected in the Verified Petition, this litigation involves claims by Plaintiffs relating to Defendant's Noncompetition and Nonsolicitation Agreement and Release (a copy of which was filed as Exhibit A to the Verified Petition, Doc. [4-2]) and Defendant's alleged subsequent employment-related activities with Envision Motors Management, LLC ("Envision Motors") and Envision Rent-A-Car LLC ("Envision Rent-A-Car") (collectively, "Envision"). Plaintiffs and Defendant (collectively, the "Parties") have advised the Court that they have reached a settlement of the lawsuit, and that, pursuant to and as a condition of their Settlement Agreement, the Parties have agreed to entry of the Final Judgment in the form set forth herein.

The Court, having reviewed the Parties' Joint Motion, Plaintiffs' Verified Petition, and the Parties' other filings in this action (including with respect to EHI's motion for a temporary restraining order), and having previously heard the Parties' arguments relating to the restraining

1

order, and also being duly advised in the premises regarding the Parties' Settlement Agreement, hereby **FINDS, ORDERS, ADJUDGES, AND DECREES** as follows:

       1.      Defendant Stephen Boyd Sumner is hereby enjoined from directly or indirectly (i) using, (ii) recreating or (iii) disclosing to any person, firm, corporation, partnership or other entity, without Plaintiffs' express prior written authorization, any confidential or proprietary information relating to any of the businesses of Crawford Group and EHI (collectively, including their respective wholly-owned and partially-owned subsidiaries and/or affiliated corporations, "Enterprise Holdings").  Enterprise Holdings' confidential or proprietary information ("Confidential Information") includes, but is not limited to, all such information reflecting or relating to:  current, previous and planned technical information; intellectual property; business and marketing plans and procedures; new product/service concepts; purchasing agreements; pay; compensation policies and practices; rates; attorney-client communications; strategies; forecasts; customer, vendor and/or supplier lists, contacts and information; the products, services, promotions, development, financing, expansion plans, business policies and practices of Enterprise Holdings; technology-based systems, including any confidential or proprietary data contained within such systems, and any formulas, processes, or methods embodied by such systems, such as, without limitation, ARMS, ABS, ECARS, EDGE, Odyssey and National Reservations systems; and other information considered to be confidential, proprietary or in the nature of trade secrets, including financial, personal, private, confidential, proprietary, sensitive or business information about and/or regarding any current or former member of the Taylor Family.

2. Sumner is hereby enjoined, through and including August 31, 2026 (the "Restricted Period"), from:

(a) directly or indirectly, whether as a partner, investor, employee, consultant, owner, creditor, shareholder or otherwise, promoting, participating in or engaging in any activity, or in any other business, which is competitive with any of Enterprise Holding's current businesses (as described below), in any city, county, parish, state or province of the United States, Canada or any country where Enterprise Holdings had existing operations or conducted business as of August 31, 2021, or in any geographical area where Enterprise Holdings had plans, as of such date, to conduct any of such businesses in the future. For purposes of this Final Judgment, Enterprise Holdings is engaged in each of the following businesses: automotive, van and truck leasing; automotive, van and truck rental; new or used automotive, van and truck sales; automotive, van and truck fleet management; rideshare and/or vanpool; providing and/or facilitating special services to automotive, van and truck fleet owners, lessors, insurance industry adjustors and/or agents, including, but not limited to, those services provided under the trade name "Enterprise Claims Connection"; any and all ARMS related applications, vanpool services; and automotive, van and truck rental reservation centers.  Notwithstanding the above:

(1) Sumner's ownership of less than two percent (2%) of the issued and outstanding voting stock in a publicly traded company shall not constitute a violation of this Section,

(2) Sumner is permitted to have an ownership interest in and/or be employed by a privately-owned local or regional new/used car dealership or dealership group (other than Envision Motors, Envision Rent-A-Car, or any affiliate (including any owner) of Envision Motors or Envision Rent-A-Car) engaged in the purchase, sale and

long-term leasing (i.e., a lease/purchase arrangement in which the customer/lessor is listed on the title and registration of the motor vehicle) of motor vehicles, provided that neither Sumner nor the car dealership or dealership group is in any way involved with the retail rental car business.  Providing short-term dealership loaner cars to dealership service customers because their dealership-purchased or dealership-leased cars are being serviced shall not be considered to be engaged in the retail rental car business.  For purposes of this exception, the phrase "local or regional car dealership or dealership group" means any person or entity that directly or indirectly owns or operates, including through any affiliated persons or entities, new/used car dealerships in no more than five (5) states. In the interest of clarity, "long-term leasing" does not include fleet management and fleet leasing for, or to, corporate or group customers for a period of less than twelve (12) months; and

    (3)  Sumner is allowed to seek and accept employment at a new/used car dealership in the San Diego area that is part of Bannister Automotive Group ("Bannister") as long as (i) Sumner does not assist Bannister in expanding or attempting to expand Bannister's business in Canada or elsewhere outside of the United States, and (ii) Sumner otherwise complies with his obligations under the Settlement Agreement and this Final Judgment, including that Sumner not be involved in any way in the retail car rental business and that, if Bannister (x) were to become involved during the Restricted Period in the retail car rental business and/or (y) were to own and/or operate new/used car dealerships in more than five (5) states during the Restricted Period, Sumner shall promptly end his employment with Bannister;

4

    (b)  directly or indirectly recruiting, hiring, or otherwise inducing (or attempting to induce) any employee of Enterprise Holdings to leave the employment of Enterprise Holdings; or

    (c)  directly or through others diverting or attempting to divert current or former customers of Enterprise Holdings, to terminate, modify or not renew their business relationship with Enterprise Holdings.

  3.  Any violation of Section 2 of this Final Judgment shall automatically extend the Restricted Period for the period of time that such violation continues.

  4.  Sumner shall verify to Enterprise Holdings, beginning on September 1, 2022, and then on a quarterly basis thereafter (e.g., December 1, 2022, March 1, 2023, etc.), through the Restricted Period, either by affidavit or sworn declaration made under penalty of perjury and sent within seven (7) calendar days after the end of the quarter, that he has complied with his obligations under this Final Judgment and the Parties' Settlement Agreement. As set forth in the Parties' Settlement Agreement, such verifications shall be sent directly to Enterprise Holdings and need not be filed with the Court.

  5.  Pursuant to Fed. R. Civ. Proc. 65(d), this Final Judgment shall be binding upon Sumner and those persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise.

  6.  The temporary restraining order previously entered by the Court is hereby **DISSOLVED**, and the cash injunction bond previously posted/deposited by EHI is hereby **ORDERED** to be released to EHI. No further bond shall be posted.

  7.  In accordance with and subject to the Parties' settlement agreement, each party shall bear its or his own costs and expenses.

8. The Court will retain jurisdiction over the Parties to enforce the terms of this Final Judgment and the Parties' Settlement Agreement, which is hereby incorporated herein.

Dated this 28th day of June, 2022.

_____
Honorable Matthew T. Schelp
United States District Judge